**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **VERACITIES PBC**, | Case No. 3:19-cv-1712-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **RUSSELL STRAND, MYRA STRAND,** and **STRAND² SQUARED LLC**, | |
| Defendants and Counterclaim Plaintiffs, | |
| v. | |
| **CARRIE HULL**, | |
| Counterclaim Defendant. | |

Harry B. Wilson, Chad A. Naso, and Molly K. Honoré, MARKOWITZ HERBOLD PC, 1455 SW Broadway, Suite 1900, Portland OR 97201. Of Attorneys for Plaintiff and Counterclaim Defendant Veracities PBS.

Kenneth R. Davis II and Mohammed N. Workicho, LANE POWELL PC, 601 SW Second Avenue, Suite 2100, Portland OR 97204. Of Attorneys for Defendants and Counterclaim Plaintiffs.

Jennifer L. Crow, SCHEER.LAW PLLC, 715 SW Morrison Street, Suite 912, Portland, OR 98121. Of Attorneys for Counterclaim Defendant Carrie Hull.

**Michael H. Simon, District Judge.**

Before the Court is a discovery dispute involving the marital communications privilege under federal common law and specifically whether there exists a "business communications" exception to that privilege in civil litigation.

## BACKGROUND

Plaintiff Veracities PBC (Veracities) brings this lawsuit against Defendants Russell Strand and Myra Strand, husband and wife, and their company, Strand² Squared LLC. Plaintiff alleges breach of contract, trademark infringement, unfair competition, and tortious interference with contract. Defendants assert counterclaims against Veracities, alleging breach of contract, fraud, misappropriation of name or likeness, and defamation. Defendants also assert a defamation claim against Counterclaim Defendant Carrie Hull, who is the chief executive officer of Veracities.

Before the Court is Plaintiff's motion to compel a privilege log from Defendants. Defendants are withholding from document production more than 10,000 potentially responsive documents that Defendants assert are not subject to discovery under the martial communications privilege because they are communications between the Strands, as husband and wife. Plaintiff requests a privilege log, arguing that Plaintiff has only requested business-related documents (and not personal communications between the Strands) and that such documents are ordinary business communications that fall within an exception to the marital communications privilege.

Defendants respond that the marital communications privilege applies regardless of the subject matter of the communications, that there is no business communications exception to the marital communications privilege, and that the Court should not break new ground in recognizing such an exception. Defendants also assert that because no relevant exception applies

to the written marital communications that Plaintiff seeks, requiring production of a privilege log would be unduly burdensome and disproportionate to the needs of this lawsuit.

## STANDARDS

### A.  Discovery Generally

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in part, that parties in a federal civil lawsuit "may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). This rule also states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Although this rule permits broad discovery, subject to principles of proportionality not relevant here, it expressly exempts privileged communications.

Rule 26(b)(5)(A)(ii) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged, the party must:

> describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(ii).

### B.  Privileges Generally

Rule 501 of the Federal Rules of Evidence generally addresses testimonial privileges. That rule provides:

> The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
>
> •        the United States Constitution;
>
> •        a federal statute; or

-        rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or
defense for which state law supplies the rule of decision.

Fed. R. Evid. 501.[1] Thus, for claims or defenses asserted in federal court for which federal law

supplies the rule of decision, federal common law generally governs a claim of privilege. *Agster*

*v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("Where there are federal question claims

and pendent state law claims present, the federal law of privilege applies.").[2] In addition, in the

Ninth Circuit, the party asserting a privilege has the burden of showing that the privilege applies

and has not been waived. *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir.

1981).

## DISCUSSION

Federal common law recognizes a marital communications privilege that exists to

"protect[ ] the integrity of marriages and ensur[e] that spouses freely communicate with one

another." *United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992). As explained by the Ninth

Circuit, "[t]he privilege covers (1) 'only . . . words or acts intended as communication to the

other spouse,' (2) 'only those communications made during a valid marriage,' and (3) 'only . . .

those marital communications which are confidential.'" *United States v. Griffin*, 440 F.3d 1138,

1143 (9th Cir. 2006) (ellipses in original) (quoting *United States v. Marashi*, 913 F.2d 724, 729-

---

[1] The only privilege expressly discussed in the Federal Rules of Evidence is the attorney-client privilege. *See* Fed. R. Evid. 502.

[2] The Supreme Court, however, has not resolved this question. *See Jaffee v. Redmond*, 518 U.S. 1, 15 n.15 (1996) ("We note that there is disagreement concerning the proper rule in cases such as this in which both federal and state claims are asserted in federal court and relevant evidence would be privileged under state law but not under federal law. . . . Because the parties do not raise this question and our resolution of the case does not depend on it, we express no opinion on the matter.").

30 (9th Cir. 1990)).[3] Although the privilege protects only those marital communications that are "confidential," marital communications are "presumptively confidential," and the party seeking disclosure of such communications bears the burden of demonstrating otherwise. *Marashi*, 913 F.2d at 730. Notwithstanding this presumption, the Ninth Circuit added "we have emphasized that we will narrowly construe the marital communications privilege because it obstructs the truth-seeking process." *Id*.

The Ninth Circuit has noted that "[e]very circuit addressing the issue has held that the marital communications privilege does not apply to communications having to do with present or future crimes in which both spouses are participants." *Id*. at 730. Joining those circuits, the Ninth Circuit explained: "We have emphasized that the policies underlying the marital communications privilege pale in the face of public concerns about bringing criminals to justice." *Id*. at 731. In another case, the Ninth Circuit stated that "the marital communications privilege should not apply to statements relating to a crime where a spouse or a spouse's children are the victims." *White*, 974 F.2d at 1138. The Ninth Circuit has not yet addressed, one way or the other, whether there is a business communications exception to the martial communications privilege.

Many other federal courts, however, have answered that question. "There are a good many federal decisions holding that the communications privilege does not apply to property or business transactions, often on the theory that these are not intended to be confidential." 25 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Evid. § 5595 (April 2022

---

[3] "There are two marital privileges recognized by the federal common law. The first, usually called the 'adverse spousal testimony' privilege, allows a spouse to refuse to testify adversely to his or her spouse. The second, usually called the 'marital communications' privilege, protects from disclosure private communications between spouses." *Griffin*, 440 F.3d at 1143-44 (citations omitted). As in *Griffin*, it is only the second that is at issue in this case.

update) (hereinafter WRIGHT & MILLER). "[T]he recent cases," however, "all seem to be applications of state law rather than the federal common law." *Id.*

The Court has identified many cases applying the law of various states and holding that business communications are not subject to marital privilege. *See, e.g.*, *G-Fours, Inc. v. Miele*, 496 F.2d 809, 811 (2d Cir. 1974) (concluding that communications relating solely to business matters are not covered by the marital privilege because the information is not confidential); *Lamport v. Williams*, 2014 WL 12605141, at *3 (S.D. Fla. May 30, 2014) ("This is clearly a business matter. Accordingly, Mrs. Lamport has not met her burden to demonstrate application of the marital privilege."); *Dommel Props., LLC v. Jonestown Bank & Tr. Co.*, 2013 WL 4855427, at *5 (M.D. Pa. Sept. 11, 2013) (holding that "the privilege for confidential communications generally excludes knowledge or communications between spouses relating to matters of business or property in the absence of contrary indications"); *In re S. Air Transp., Inc.*, 255 B.R. 706, 713 (Bankr. S.D. Ohio 2000) ("It would be improper to shield non-confidential conversations between 'business associates' about business matters solely based on the fact that the 'business associates' are also married. However, if the conversations only took place based on the marital relationship, the privilege will apply to those conversations. As the record currently stands, there is no basis for Defendants to assert the marital privilege to preclude the requested testimony from Mrs. Bastian."); *Hanger Orthopedic Grp., Inc. v. McMurray*, 181 F.R.D. 525, 530 (M.D. Fla. 1998) ("The fact that the communication relates to business may demonstrate the intent that a communication was not intended to be confidential."); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 763 (Mo. App. 1960) ("But communications between husband and wife as to transaction of purely business matters are often not privileged as marital confidences." (citing authorities)).

The Middle District of Pennsylvania recently analyzed whether there is a federal common

law business communication exception to the marital communications privilege. *Brophy v.*

*Hartley Doering Grp., Inc.*, 2020 WL 3172706  (M.D. Pa. June 15, 2020). After discussing cases

applying state law, the court explained:

> The issue remains whether, under federal common law, the
> ordinary-business-matters exception applies. There is scant case
> law concerning the exception in the context of privileges and
> exceptions under federal common law. *See, e.g.*, Exceptions—
> Business Communications, 25 Fed. Prac. & Proc. Evid. § 5595 (1st
> ed.) (acknowledging the development of "a general exception for
> business communications" and noting that "[t]here are a good
> many federal decisions holding that the communications privilege
> does not apply to property or business transactions, often on the
> theory that these are not intended to be confidential," although the
> recent cases all seem to be applications of state law rather than the
> federal common law).
>
> There is no bar to the Court's "resort to state law analogies for the
> development of a federal common law of privileges in instances
> where the federal rule is unsettled" and the Court does so here and
> will adopt the rule applied in *Dommel* that the marital
> communications "privilege generally excludes knowledge or
> communications between spouses relating to matters of business or
> property in the absence of contrary indications." *See Wm. T.*
> *Thompson Co. v. Gen. Nutrition Corp.*, 671 F.2d 100, 103-04 (3d
> Cir. 1982); *Dommel Properties, LLC,* 2013 WL 4855427, at *3.

*Id.* at *6; *see also Consumer Fin. Prot. Bureau v. MacKinnon*, 2021 WL 4461695, at *5

(W.D.N.Y. Sept. 29, 2021) (applying federal law without discussion and concluding that "any

claim to the marital communications privilege by Amy MacKinnon may only be specifically

asserted in response to requests for information regarding communications made in confidence

with her spouse; communications involving ordinary business and financial matters or attempts

to conceal assets from judgment creditors are not protected" (citing cases)).

The Court agrees that there exists a federal common law exception to the marital

communications privilege for ordinary business communications. Such communications

generally do not fall within the marital privilege because they are not intended to be confidential.

As described by another federal court,

> The fact that the communication relates to business transactions may show that it was not intended as confidential. Examples are statements about business agreements between the spouses, or about business matters transacted by one spouse as agent for the other, or about property or conveyances. Usually such statements relate to facts which are intended later to become publicly known. To cloak them with privilege when the transactions come into litigation would be productive of special inconvenience and injustice.

*Hangar Orthopedic Grp.*, 181 F.R.D. at 530 (emphasis omitted) (quoting MCCORMICK ON EVIDENCE, § 80 (4th ed. 1992)); *see also G-Fours*, 496 F.2d at 811 (noting that ordinary conversations between spouses relating to business engender no reason to suppose they would not have been shared with other persons and are thus not confidential); WRIGHT & MILLER, § 5595 (describing the argument that the business communications "exception is just a special application of the doctrine of confidentiality; spouses who enter into business relationships with third parties do not intend that the third parties will be excluded from inquiring about the business arrangements of the spouses as they affect the third party's interests" and stating that "[t]his is admittedly a fiction, but it is one that federal courts have embraced in the past and might employ to create a similar exception to the federal common law privilege" (cleaned up)). Thus, at least in the content of a civil lawsuit involving business matters, a written marital communication may not be privileged if it is an "ordinary business communication" and it does not have some other indication of confidentiality.

## CONCLUSION

The Court finds that an exception may apply to render the withheld documents not subject to the marital communications privilege. Accordingly, the Court GRANTS Plaintiff's motion to require that Defendants prepare a privilege log. ECF 56. Unless otherwise agreed upon

PAGE 8 – OPINION AND ORDER

by the parties in writing, within two weeks from the date of this Opinion and Order, Defendants

must prepare and serve a privilege log that complies with Rule 26(b)(5)(A)(ii) by identifying by

document number the date, sender(s), recipient(s), and reasonably specific subject matter(s) of

all responsive documents being withheld under a claim of martial communications privilege.

**IT IS SO ORDERED.**

DATED this 6th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge